United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 07-30155
Summary Calendar

GULF MARINE EQUIPMENT, INC.,

Plaintiff-Appellant

versus

C & G BOAT WORKS INC.,

Defendant-Appellee.

**Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-6684)**

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

In this diversity action, Gulf Marine Equipment, Inc. contests a summary judgment awarded C & G Boat Works, Inc., concerning their 12 August 2002 brokerage agreement. In it, C & G agreed to pay Gulf Marine a brokerage fee upon C & G's obtaining vessel-construction contracts with five designated companies, including Rigdon Marine.

Gulf Marine's principal, Chalin O. Perez, Jr., requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rigdon Marine place C & G on its bid list. Rigdon did so, and C & G submitted a bid. That bid was rejected. Rigdon Marine solicited bids for another boat package in April 2003. C & G again placed a bid and was again rejected. Gulf Marine was not involved with the second bid.

On 12 August 2003, C & G terminated its brokerage agreement with Gulf Marine. On 27 June 2004, C & G began discussing with Rigdon Marine the construction of a vessel; they entered into a construction contract on 30 September 2004.

Gulf Marine maintains it was the procuring cause of C & G's contract with Rigdon and, therefore, is entitled to a commission pursuant to the 12 August 2002 brokerage agreement. The district court awarded summary judgment to C & G, concluding: the brokerage contract had been terminated; and Gulf Marine was not the procuring cause of – and therefore not entitled to commission for – the C & G/Rigdon contract. **Gulf Marine Equip., Inc. v. C & G Boat Works, Inc.**, 471 F. Supp. 2d 679, 684 (E.D. La. 2007).

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." **Rothgery v. Gillespie County, Tex.**, 491 F.3d 293, 296 (5th Cir. 2007). Summary judgment shall be granted when "there is no genuine issue as to any material fact and [] the moving party is entitled to a

2

judgment as a matter of law".  **FED. R. CIV. P. 56(c).**

Essentially for the reasons stated in the district court's opinion, summary judgment was proper.  A broker is sometimes entitled to commission even when a transaction occurs after the termination of the brokerage relationship.  Where, however, contracting parties brought together by a broker "fail to make a sale, part ways, and then come together again on their own initiative after a lapse of time, the broker does not earn a commission on the sale if he has no hand in the renewed dealings".  *Snyder v. Champion Realty Corp.*, 631 F.2d 1253, 1255 n.3 (5th Cir. 1980).

*AFFIRMED*

3